UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED IN OPEN COURT
MAY 17 2006
U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| *versus* : | CRIMINAL NO. 06-35-FJP |
| RONALD A. GUIDRY : | |

**PLEA AGREEMENT**

1.

The Office of the United States Attorney for the Middle District of Louisiana, through undersigned counsel, and the above-named defendant agree that the defendant will enter a plea of guilty to Count One of an Indictment charging making a false claim, in violation of Title 18, United States Code, Section 287.

2.

The United States Attorney and the defendant agree that, if the Court accepts the guilty plea, the United States will move to dismiss Count Two of Criminal No. 06-35-FJP at the time of sentencing, and no additional criminal charges related to the violations contained in the Indictment will be brought against the defendant in this district.

3.

The defendant agrees to provide complete and truthful information to any law enforcement agent or attorney of the United States and at any grand jury proceeding or trial. The defendant waives the Fifth Amendment privilege against self-incrimination. This Plea Agreement, however, is not conditioned upon any obligation of the United States to receive, or act upon, information which the defendant may now or in the future provide or stand ready to provide.

4.

The United States Attorney agrees to inform the Court of defendant's actions pursuant to this Plea Agreement. The United States, however, is not obliged, as a condition of this Plea Agreement, to file any motion with the Court, either for a downward departure under Section 5K1.1 of the United States Sentencing Guidelines or to reduce the defendant's sentence under Rule 35 of the Federal Rules of Criminal Procedure. If a motion is filed, the Court, in its discretion, may or may not reduce the sentence below the guidelines range otherwise applicable.

5.

Except as otherwise provided herein, no truthful testimony or other information provided by the defendant pursuant to this Plea Agreement, or any information derived therefrom, will be used against the defendant in any criminal trial.

6.

If the defendant refuses to provide truthful information or testimony, or provides false or misleading information or testimony, he may, after a judicial finding of such, be prosecuted for any offense covered by this agreement, and all statements and information provided by the defendant may be used against him. The defendant's plea of guilty may not be withdrawn.

7.

The defendant agrees to fully and truthfully complete the financial statement provided to him by the Office of the United States Attorney and to return the financial statement to the undersigned Assistant United States Attorney within ten (10) days of this agreement being filed with the Court. Further, upon request, he agrees to provide the Office of the United States Attorney with any information or documentation in his possession regarding his financial affairs and agrees to submit to a debtor's examination when requested. The defendant agrees to provide this information whenever requested until such time as any

judgment or claim against him, including principal, interest, and penalties is discharged or satisfied in full. This information will be utilized to evaluate his capacity to pay the government's claim or judgment against him, whatever that claim or judgment may be. If the defendant refuses to comply with this paragraph or provides false or misleading information, he may, after a judicial finding of such, be prosecuted for any offense covered by the agreement, and all statements and information provided by the defendant may be used against him. The defendant's plea of guilty may not be withdrawn.

8.

The defendant hereby expressly waives the right to appeal his conviction and sentence, including any appeal right conferred by Title 18, United States Code, Section 3742, and to challenge the conviction and sentence in any post-conviction proceeding, including a proceeding under Title 28, United States Code, Section 2255. The defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum; (b) any punishment which is an upward departure pursuant to the guidelines; and (c) any punishment which is above the guidelines range calculated by the Court. Nothing in this paragraph shall act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel.

9.

The defendant understands that, as a result of this Plea Agreement, he could receive a maximum sentence of not more than five (5) years imprisonment, a $250,000 fine, or both. In addition, the Court must impose a special assessment of $100, which defendant agrees to pay at the time of sentencing. The Court may also order restitution in accordance with law. The defendant understands that, if the Court imposes a term of imprisonment, he may also receive a term of supervised release after imprisonment of not more than three (3) years. The defendant further understands that supervised release is a period of supervision during

which he must comply with certain rules. Supervised release is imposed in addition to a sentence of imprisonment, and a violation of the conditions of supervised release can subject the defendant to imprisonment for a term of up to two (2) years, without credit for any time already served on the term of supervised release. The defendant understands that the Court, while not bound to apply the Sentencing Guidelines, must consult the guidelines and take them into account when sentencing.

10.

The United States and the defendant further agree that should the Court, at the time of sentencing, find that, pursuant to Section 3E1.1(a), United States Sentencing Guidelines, the defendant qualifies for a two level decrease in offense level for acceptance of responsibility, and prior to the operation of Section 3E1.1(a) the defendant's offense level is 16 or greater, the United States will move the Court pursuant to Section 3E1.1(b), United States Sentencing Guidelines, to decrease defendant's offense level by one additional level for acceptance of responsibility.

11.

The United States and the defendant stipulate, for purposes of Rule 11(b)(3) of the Federal Rules of Criminal Procedure and pursuant to Section 6B1.4 of the United States Sentencing Guidelines, to the following factual basis:

> The Federal Emergency Management Agency ("FEMA") was an agency within the Department of Homeland Security.
>
> In response to Hurricane Katrina, FEMA made available to each eligible household $2,000 in expedited disaster assistance. Those eligible could apply for the expedited assistance by phone or online. Using the same application FEMA also provided $2,358 in rental assistance to those who qualified.
>
> In September 2005, Ronald A. Guidry filed an online application with FEMA for Hurricane Katrina disaster relief benefits.
>
> Ronald A. Guidry made and presented a claim against and upon FEMA for Hurricane Katrina disaster assistance benefits, knowing that the claim was

false, fictitious, and fraudulent in that Hurricane Katrina did not cause him to have an essential need for rental assistance or food, shelter, or clothing.

On or about September 16, 2005, FEMA disbursed $2,000 in disaster assistance by mailing a check to the address provided by Ronald A. Guidry in his application.

On or about September 25, 2005, FEMA disbursed $2,358 in rental assistance by mailing a check to the address provided by Ronald A. Guidry in his application.

The defendant understands that the Court is not bound by this stipulation.

12.

The defendant and the United States agree, pursuant to Title 18, United States Code, Section 3663(a)(3), that the Court will order the defendant to pay restitution in the amount of $4358 [handwritten: RAG $2000 JMF] to the United States.

13.

Pursuant to Rule 11(c)(3)(A) and 11(c)(5), Federal Rules of Criminal Procedure, the Court may accept or reject this Plea Agreement or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the Presentence Report. If the Court rejects the Plea Agreement, the Court, on the record, will so inform the defendant and advise the defendant that the Court is not bound by the Plea Agreement. The Court will give the defendant an opportunity to withdraw the plea and will advise the defendant that, if the plea is not withdrawn, the disposition of the case may be less favorable to the defendant than contemplated by the Plea Agreement.

14.

The defendant acknowledges that there is no agreement with the United States as to the actual sentence that will be imposed by the Court as a result of this Plea Agreement and acknowledges that no promises or assurances have been made to him as to what the sentence will be. The defendant acknowledges that the terms herein constitute the entire agreement

and that no other promises or inducements have been made. The defendant acknowledges that he has not been threatened, intimidated, or coerced in any manner.

15.

The defendant acknowledges that this Plea Agreement has been entered into knowingly, voluntarily, and with the advice of counsel, and that he fully understands the agreement. The defendant has no objection to the legal representation he has received.

This Plea Agreement is entered into this 24th day of April, 2006, at Baton Rouge, Louisiana.

UNITED STATES OF AMERICA, by

RONALD A. GUIDRY
DEFENDANT

DAVID R. DUGAS, LBN 5134
UNITED STATES ATTORNEY

JEAN M. FARIA, LBN 8392
ATTORNEY FOR DEFENDANT
707 Florida Street, Suite 303
Baton Rouge, LA 70801
Telephone: (225) 382-2118
Fax: (225) 382-2119

RICHARD B. LAUNEY, LBN 08129
ASSISTANT U.S. ATTORNEY
777 Florida Street, Suite 208
Baton Rouge, LA 70801
Telephone: (225) 389-0443
Fax: (225) 389-0561